UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

    Plaintiff,

v.                                        Case No. 20-C-1715

SHERIFF OF DODGE COUNTY, et al.,

    Defendants.

## ORDER

    Plaintiff Brandon Bradley, Sr., a state prisoner who is currently representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff also requested leave to proceed without prepayment of the filing fee (*in forma pauperis*), along with a certified copy of his prison trust account statement for the six months prior to him filing his complaint.

    Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records indicate that Plaintiff has accumulated at least three strikes, including: *Bradley v. Mahoney*, No. 20-cv-51 (W.D. Wis.) (dismissed for failure to state a claim); *Bradley v. Giebel*, No. 20-cv-558 (E.D. Wis.) (dismissed for failure to state a claim); and *Bradley v. Drumm*, No. 20-cv-709 (E.D. Wis.) (dismissed for failure to state a claim). Because Plaintiff has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, the court will deny his request for leave to proceed without prepayment of the filing fee unless he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann*, 337 F.3d at 782).

Plaintiff asserts Defendants are conspiring against him to delay the speedy resolution of his cases. He also alleges that Defendants are "aware [of] danger" and are "deliberately indifferent." Dkt. No. 1 at 15. Plaintiff's conclusory allegations in his complaint do not meet the imminent danger requirement. He has not alleged facts to support the conclusion that he is facing a real and proximate threat, as required under § 1915(g). Accordingly, the court will deny Plaintiff's motion for leave to proceed without prepayment of the filing fee.

The fact that this court is denying Plaintiff's request to proceed without prepayment of the filing fee means that the full filing fee of $400.00 (the sum of the $350.00 filing fee and the $50.00

administrative fee that applies to litigants not proceeding *in forma pauperis*) is due within 14 days of this order. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), *and Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b).

If Plaintiff pays the full filing fee within 14 days, the court will screen his complaint under 28 U.S.C. § 1915A. Failure to pay in full within the time limits will result in dismissal of this case. *Newlin*, 123 F.3d at 434.

**IT IS THEREFORE ORDERED** that Plaintiff's request for leave to proceed without prepayment of the filing fee (Dkt. No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall forward to the clerk of this court the sum of $400.00 as the full filing fee in this case within 14 days of the date of this order. The payment shall be clearly identified by the case name and number assigned to this action. Plaintiff's failure to comply with this order will result in dismissal of this case.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where Plaintiff is confined.

Dated at Green Bay, Wisconsin this 20th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge